IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK08-40125-TJM |
| | ) | |
| JEFFREY A. FISCHER and | ) | CH. 12 |
| MELANIE J. FISCHER, | ) | |
| | ) | |
| Debtor(s) | ) | |

## ORDER

Hearing was held in Lincoln, Nebraska, on February 27, 2008, regarding Filing No. 11, Motion to Sell Property in the Ordinary Course of Business, filed by the debtors; Filing No. 20, Objection to Application to Sell Property in the Ordinary Course of Business, filed by TierOne Bank; Filing No. 12, Motion to Use Cash Collateral, filed by the debtors; and Filing No. 21, Objection to Motion for Use of Cash Collateral, filed by TierOne Bank. David P. Lepant appeared for the debtors, Shawn Dontigney appeared for TierOne Bank, and James Overcash appeared as the Chapter 12 trustee.

The debtors operate a farm and they recently filed a petition under Chapter 12 of the Bankruptcy Code. By Filing No. 11, the debtors moved for permission to sell calves and milo and to use the proceeds of such sale plus the proceeds of two checks in the approximate amount of $12,000.00 from a prior sale of milo to pay a pre-petition crop insurance premium, post-petition crop insurance premiums and to use the balance for the farm operation. The total amount being requested is approximately $22,000.00.

TierOne Bank has a blanket security interest in all of the farm products and equipment owned by the debtors and has a deed of trust securing real estate owned by the debtors. The bank has objected to the sale of its collateral and the use of its cash collateral because the bank asserts that the debtors are providing no adequate protection for the interest of the bank in the cash collateral.

The bank is owed approximately $311,000.00 plus accruing interest. The evidence is that the net value of the real estate subject to the lien of the bank, after deduction for a pre-petition tax obligation, is approximately $289,000.00. In addition, the equipment and farm products are valued at approximately $222,000.00.

The evidence of value presented by the debtors was unrebutted. Based upon that evidence, I find that the total net value of the collateral in which the bank has an interest, including real estate and personal property, is $511,000.00. The bank is owed $311,000.00, leaving equity of approximately $200,000.00. The debtors are requesting the opportunity to use cash collateral in the amount of $22,000.00 which, if allowed, will leave an equity cushion for the bank of $178,000.00.

The Bankruptcy Code does not prohibit the debtors from selling farm products in the ordinary course of business. It does prohibit the use of the proceeds received from such sale unless the secured creditor consents or the court finds that the secured creditor's interest is adequately protected. Here, based upon the evidence presented at this hearing, it is clear that TierOne Bank is adequately protected with regard to the debtors' proposed use of $22,000.00 of cash collateral.

Filing No. 11, the Motion to Sell Property in the Ordinary Course of Business, is granted. Filing No. 12, the debtors' Motion to Use Cash Collateral in the approximate amount of $22,000.00 is granted.

Because the debtors cannot obtain crop insurance for the 2008 crop year unless they pay the unpaid premium for the 2007 crop year, and because crop insurance is an important asset to a farming operation, the debtors may use a portion of the cash collateral to pay both the pre-petition and post-petition crop insurance premiums.

Separately from the issues discussed above, it was brought to the attention of the court at the hearing held on the above-listed motions that the debtors do not have insurance on the real property improvements or on the personal property, all of which are collateral in which the bank has an interest. Apparently the debtors have not had such insurance for several years, and there is no evidence in this record that the bank expressed serious concern until the bankruptcy case was filed. The Chapter 12 trustee and counsel for the bank have each expressed concern about the lack of insurance.

The finding of an equity cushion in the amount of $178,000.00 assumes that either the debtors or the bank could sell the collateral for the fair market values testified to by the debtors. However, if any of the collateral is damaged or destroyed by fire, wind or other calamity, the uninsured values will be significantly less than currently determined. Therefore, the debtors are directed to endeavor to obtain insurance for the benefit of the estate and specifically for the benefit of the bank, which shall be a named payee. If the cash collateral allowed to be used is insufficient to enable the debtors to pay the necessary insurance premiums and operate the farm, the debtors may make a further request and provide in their request a specific premium dollar amount necessary, plus the type of insurance, the proposed carrier, and the coverage amount.

As the Chapter 12 trustee warned at the hearing on the motions, he will object to feasibility of any proposed plan if the assets are not insured.

IT IS ORDERED that Filing No. 11, the Motion to Sell Property in the Ordinary Course of Business, is granted and Filing No. 12, the Motion for Use of Cash Collateral, is granted.

DATED:     February 28, 2008

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
    *David P. Lepant        James Overcash
    Shawn Dontigney      U.S. Trustee

* Movant is responsible for giving notice to other parties if required by rule or statute.