IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK08-40125-TJM |
| | ) | |
| JEFFREY A. FISCHER and | ) | CH. 12 |
| MELANIE J. FISCHER, | ) | |
| | ) | |
| Debtor(s) | ) | |

ORDER

Hearing was held in Lincoln, Nebraska on July 10, 2008, regarding the debtors' amended Chapterw 12 plan (Fil. #51) and objections by the Chapter 12 trustee (Fil. #54) and TierOne Bank (Fil. #55). David Lepant appeared for the debtors, Shawn Dontigney appeared for TierOne Bank, and James Overcash appeared as the Chapter 12 trustee.

The amended plan proposed by the debtors provides that the debtors will be permitted to sell certain real estate in which TierOne Bank has a lien, and pay real estate taxes on that particular parcel, as well as bring current real estate taxes on other parcels that the bank also has a lien on.  The net proceeds after payment of those taxes and tax sale certificates will be paid to the bank to be applied first to interest and then to principal.  In addition, the plan provides that the debtors will be permitted, over the life of the plan, to trade certain of their vehicles and equipment, at any time the debtors find the vehicles need to be replaced, but the lien of the bank in such traded personal property will be released and the bank will not receive a replacement lien.  The reason for such a general release is to permit the debtors to finance the purchase of a new vehicle to replace the old with either financing from the dealer or a new lender, either of which will want a first lien.

The liquidation analysis shows that if all of the non-exempt property of the debtors was liquidated through a Chapter 7 case, all of the unsecured creditors would be paid in full.  The plan is not clear with regard to whether the unsecured claims will be paid in full, because it suggests that they shall be paid on a pro rata basis from disposable income.

Both the bank and the Chapter 12 trustee have objected.  The bank asserts that the plan is not filed in good faith because it attempts to remove the liens on the personal property without granting any replacement liens.  In addition, it suggests that paying the tax sale certificate holder and the county treasurer from the gross proceeds of the sale of one parcel prior to delivering the proceeds to the bank is inappropriate. The bank also argues that the plan cannot be feasible because the projections for crop sales far exceed the actual results of the farm operation during the last several years.  Finally, the bank suggests that the interest rate is inappropriate because taking away lien rights puts the bank at a higher risk.

The trustee objects because he claims that this case should be a pay-in-full to the unsecured creditors and that means that they should receive interest on their claims.

This plan cannot be confirmed.  Under the best interest of creditors test in 11 U.S.C. § 1225(a)(4), the value, as of the effective date of the plan, of property to be distributed on unsecured claims cannot be less than the amount to be paid on such claims under a Chapter 7 liquidation.  The "value as of the effective date of the plan" language has been interpreted in this circuit to require payment of interest to protect the present value of the claims.  See In re Hansen, 77 B.R. 722 (Bankr. D.N.D. 1987), and Rice v. Dunbar (In re Rice), 357 B.R. 514 (B.A.P. 8th Cir. 2006).

In addition, a plan that provides for a release of the bank's lien in personal property at any time the debtors feel is appropriate to trade the personal property, without compensating the bank through monetary payment or replacement lien, is not confirmable. On the other hand, if, after confirmation, the debtors determine that one or more vehicles or pieces of equipment need to be traded, they may move for authority to trade the equipment free and clear of the lien of the bank. If they can prove at that time that the bank is adequately protected because of the value of its other collateral, the court can force the release of the lien. However, it must be done on an individual basis, on motion, with evidence concerning the value of the remaining collateral held by the bank.

The bank's concern about paying the tax authorities is misplaced. Since the bank has a lien on all of the real estate, paying the tax authorities is of benefit to the bank.

With regard to feasibility, it is the debtors' burden to prove feasibility. The projected revenues are significantly in excess of the actual revenues of the last several years. In addition, there is no information with regard to the source of the off-farm income which will also be used in the plan. Although it appears that the crops are in the ground for crop year 2008, and most of them have been contracted for at a specific price, there is no evidence with regard to whether the specific price is unusually high compared to earlier years. If that is the case, a question arises as to whether the debtors will be able to obtain similar prices for future years to maintain the overall gross revenues necessary to make all of the proposed payments.

IT IS ORDERED that this plan (Fil. #51) is denied confirmation. The debtors are granted until August 15, 2008, to file an amended plan that conforms with the terms of this order. If they do so, and if the bank still has feasibility issues or valuation issues, the parties should file a preliminary pretrial statement by September 3, 2008. A trial will be held shortly thereafter at which the debtors will need to present evidence concerning the source of their non-farm income, the average prices of the crops over the last several years, and the average yield over the last several years, and, if available, estimates of future commodity prices. At that trial, the bank will be permitted to present evidence not only on the validity of the income projections, but on any valuation issues it has concerning the collateral.

DATED:   July 15, 2008

BY THE COURT:

/s/ Timothy J. Mahoney
Bankruptcy Judge

Notice given by the Court to:
    *David Lepant
    James Overcash
    Shawn Dontigney
    U.S. Trustee

Movant (*) is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.